HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Charles Caston,

    Plaintiff,

  v.

Jeff Bezos, *et al.*,

    Defendants.

Case No. 2:21-cv-01165-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court *sua sponte*. On October 8, 2021, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted *pro se* Plaintiff Charles Caston's application to proceed *in forma pauperis*, while recommending the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 5. For the reasons below, the Court **DISMISSES** Mr. Caston's complaint with leave to amend. Dkt. # 6.

## II. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d

ORDER – 1

1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 2:14-cv-00378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Mr. Caston's complaint contains a single allegation: "Defendant stole my money thru fraud and embezzlement." Dkt. # 6 at 5. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the only allegation that Mr. Caston offers is a legal conclusion unsupported by facts. Because the Court need not take that allegation as true and because no other allegation remains, Mr. Caston fails to state any claim.

In the absence of any factual allegations supporting any discernable cause of action on which relief may be granted, the Court must dismiss the complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Plaintiff may,

ORDER – 2

however, amend the complaint **within 21 days of this Order**. "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### III.  CONCLUSION

For the reasons stated above, Mr. Caston's complaint is **DISMISSED without prejudice**. Dkt. # 6. Mr. Caston may file an amended complaint within **twenty-one (21) days** of this Order. Mr. Caston also filed an Attachment for Temporary Restraining Order, which this Court construes as a motion for a temporary restraining order. Dkt. # 7. Because the Court dismisses Mr. Caston's complaint, the Court **DENIES** the motion (Dkt. # 7) as moot.

DATED this 18th day of October, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3